### JONES et al. v. HARPER, Major General, United States Army.

Civ. No. 5064.

United States District Court
W. D. Oklahoma.

March 19, 1951.

Burton & Jones, Lawton, Okl., for plaintiffs.

Robert E. Shelton, Oklahoma City, Okl., Fred H. Morris, Lt. Col. JAGC, Staff Judge

Advocate, Ft. Sill, Okl., John W. Tyree, Lawton, Okl., for defendant.

CHANDLER, District Judge.

The defendant is Commanding General of The Artillery Center, Fort Sill, Oklahoma. A lieutenant under his command purchased a car from the plaintiffs who are used car dealers at Lawton, Oklahoma, a neighboring city. Solely because the plaintiffs would not refund to the lieutenant, who claimed he had been defrauded, the sum of $1,006.00 in settlement of the controversy, the defendant promulgated an executive order declaring plaintiffs' place of business "off limits" to military personnel. Plaintiffs seek an injunction against the enforcement of the order and an order requiring defendant to rescind it.

Defendant maintains that he acted by virtue of authority conferred by Paragraph 29, Army Regulations No. 600–10, which provides: "To assist responsible commanders in maintaining discipline and safeguarding the health and welfare of military personnel, establishments and areas may be declared "off limits" for troops, in which case military personnel are prohibited from entering them. Military police may be posted at entrances."

Authority to enter the "off limits" order in question is not conferred by this Regulation. The authority conferred embraces only situations where the discipline, health or moral welfare of military personnel is involved.[1] No such situation is here presented. No military matter was involved. The fact that one of the parties to the private business transaction was in the military service does not change its nature.

The decision here involves consideration and application of fundamental law. The question of whether the soldier was defrauded is one that can be determined only by the judicial branch of our government. While the executive order is directed solely to military personnel, its effect and purpose is to impose punitive sanctions upon plaintiffs because of their refusal to submit to duress and relinquish their right to have the controversy with the lieutenant settled by a court of competent jurisdiction as contemplated by our Constitution and laws.

■ The power to enter an "off limits" order for the purpose of "maintaining discipline and safeguarding the health and welfare of military personnel" is not questioned. But such an order cannot be entered arbitrarily for some other and entirely different purpose. Here there was an attempt to substitute executive command for the orderly judicial procedure which was available for the settlement of this controversy. If defendant has the *power* under these circumstances to lawfully enter this executive order, from which there is no appeal, military officers can at will enter similar orders against legitimate business or professional men who incur their displeasure and the courts will be powerless to inquire into an abuse of discretion in the exercise of such power.

■ If the defendant had been acting within the scope of his power, this court could not inquire into the wisdom of his act. Ainsworth v. Barn Ballroom Co., 4 Cir., 157 F.2d 97. However, there was a complete lack of power to make the order. Hence, no question of abuse of discretion is involved.

■ The plaintiffs' right to enjoy the patronage of military personnel is a property right. The loss of this property right was not incidental to a lawful order entered for an authorized purpose such as safeguarding the health and welfare of military personnel. The order here was entered for the purpose of depriving plaintiffs of that property right and had that effect. It constituted a taking of private property without due process of law.

■ Since the defendant was not acting within the scope of his authority, no act of the Secretary of the Army is involved. He is, therefore, not a necessary party. Nor is this an action against the United States. Ainsworth v. Barn Ballroom Co., supra; Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed 570.

1. For scope of Paragraph 29a, see also Paragraphs 26 and 29c.

I, therefore, am compelled to conclude that the defendant transcended his authority when he promulgated the order now in question and, since plaintiffs are suffering irreparable damage, hereby grant the relief prayed for.